UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
EASHWAR ASHMID and BESHAM             :
STANDISH,
                                      :
                    Plaintiffs,       :        16cv4276
                                      :
              -against-               :        OPINION & ORDER
                                      :
THE CITY OF NEW YORK, *et al.*,       :
                                      :
                    Defendants.       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
WILLIAM H. PAULEY III, District Judge:

Plaintiffs Eashwar Ashmid and Besham Standish bring this federal civil rights

action against the City of New York and several NYPD officers. Plaintiffs allege that they were

unlawfully arrested in Queens and subjected to excessive force by NYPD officers "assigned to

precincts in Queens." (Compl. ¶ 2; Pls.' Mem., ¶ 7.) Because all events seemingly relevant

occurred outside this District, this Court ordered Plaintiffs to show cause why this action should

not be transferred to the Eastern District of New York. (ECF No. 13.)

"Even when venue is proper in the Southern District of New York, the Court may

transfer an action pursuant to 28 U.S.C. § 1404(a)." Solar v. Annetts, 707 F. Supp. 2d 437, 441

(S.D.N.Y. 2010) (citation omitted). This Court may transfer the action "to any other district or

division" where it could have been brought. 28 U.S.C. § 1404(a). Plaintiffs concede that this

action could have been brought in the Eastern District, where a "substantial part of the events or

omissions giving rise to the claim occurred." See 28 U.S.C. § 1391(b)(2); (Pls.' Mem., ¶ 7.). To

determine whether such a transfer is appropriate, this Court may consider "(1) the plaintiff's

choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and

relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of

operative facts, (6) the availability of process to compel the attendance of unwilling witnesses,

[and] (7) the relative means of the parties." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95,

106–07 (2d Cir. 2006).

Plaintiffs argue that this action should proceed in the Southern District because

Plaintiffs' counsel has his office here and hopes this case will settle "early" under the "SDNY

Section 1983 Plan," which "the Eastern District does not offer." (Pls.' Mem., ¶¶ 6–8.) Plaintiffs

also offer more traditional justifications, like the fact that they sued here, and that entities related

to Defendants—like the "city government," "Office of the Comptroller," and "New York City

Police Department" have offices here.

This Court is not persuaded that venue is appropriate here simply because

Plaintiffs' counsel sued the City of New York. If that rationale were credited, civil-rights

complaints against the City's police officers would always be filed in this forum, even when the

alleged misconduct occurred elsewhere. "Engrafting a Monell claim" does not authorize all

actions involving NYPD officers to proceed in the Southern District of New York; although

filing such actions here may serve to "artificially inflate [the] presumptive hourly rate" of the

plaintiffs' counsel. Tarantola v. City of New York, No. 15-cv-7094, 2015 WL 5835997, at *1

(S.D.N.Y. Oct. 6, 2015); see Simmons v. N.Y.C. Transit. Auth., 575 F.3d 170, 172 (2d Cir.

2009) (attorneys' fees presumptively calculated based on prevailing hourly rates where the

district court sits). And the fact that Plaintiffs' counsel has his office on Centre Street is not a

factor for assessing venue.

Nor is this Court persuaded that the propriety of venue should turn on whether

Plaintiffs can obtain an "early . . . settlement" using the Southern District of New York's Section

1983 Plan. (Pls.' Mem., ¶ 8.) Plaintiffs offer no reason to believe that the parties could not reach

a favorable resolution of this action before a magistrate judge or mediator in the Eastern District of New York. And in any event, while the parties would have been free to request a referral for settlement at any time, this Court does not adopt wholesale the deadlines in this District's Section 1983 Plan.

Accordingly, because all events underlying the alleged false arrest and excessive force claim arose in Queens, this action is transferred to the Eastern District of New York.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the Eastern District of New York, and mark this case as closed.

Dated:     July 13, 2016
           New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.