

| ZACHARY W. CARTER<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | PETER J. FOGARTY<br>*Assistant Corporation Counsel*<br>phone: (212) 356-3514<br>fax: (212) 356-3558<br>pfogarty@law.nyc.gov |
|---|---|---|

September 14, 2016

**BY ECF**
Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: <u>Eashwar Ashmid, et al. v. City of New York, et al.</u>,
     16-CV-4053 (LDH) (SMG)

Your Honor:

  I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department and the attorney for defendants City of New York and Police Officer Bachal (collectively "defendants"), in the above-referenced case. Defendants write pursuant to Your Honor's Individual Rules of Practice to respectfully request that the Court schedule a pre-motion conference[1] in order to discuss their proposed motion to dismiss plaintiffs' <u>Monell</u> claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, to bifurcate plaintiffs' <u>Monell</u> claim and stay related discovery.

  By way of background, the complaint alleges, *inter alia*, that on August 11, 2013, plaintiffs were falsely arrested and that plaintiff Eashwar Ashmid was subject to excessive force by members of the New York City Police Department ("NYPD"). Plaintiffs now bring this action alleging false arrest, failure to intervene, excessive force, denial of right to a fair trial, first amendment retaliation, and liability under <u>Monell</u>. Plaintiffs, however, have failed to allege a viable cause of action against defendant City of New York under <u>Monell</u>. "[T]o hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." <u>Wray v. City of New York</u>, 490 F.3d 189, 195 (2d Cir.

---

[1] The undersigned respectfully notes for the Court that he will be out of the office until September 21, 2016.

2007).  "The Second Circuit has held that 'the mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference.'"  Bradley v. City of New York, No. 08-CV-1106 (NGG), 2009 U.S. Dist. LEXIS 51532, at **8-9 (E.D.N.Y. June 18, 2009). Rather, "to survive a motion to dismiss under Twombly and Iqbal, a plaintiff alleging municipal liability must plead sufficient factual matter to plausibly suggest that the municipality had a custom, policy, or usage that caused his [or her] federal rights to be violated." Hernandez v. City of New York, No. 13 Civ. 5959 (AJN), 2014 U.S. Dist. LEXIS 61190, at **4-6 (S.D.N.Y. May 1, 2014).

 Here, plaintiffs allege a claim for municipal liability against the City of New York based on the claim of an unlawful policy and practice of the NYPD's "Muslim Surveillance Program."  (Docket Entry No. 10 at ¶100)  Plaintiffs, however, have failed to state a claim against the City because they have offered only conclusory allegations regarding the existence of a municipal policy or custom.  Bradley, 2009 U.S. Dist. LEXIS 51532, at *8 - *9 (internal citations omitted) ("[T]he mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference.")  Moreover, plaintiffs fail to allege facts from which the Court may infer an actual causal link between the custom or policy and alleged constitutional violation.  See, e.g., Cuevas v. City of New York, No. 07 Civ. 4169 (LAP), 2009 U.S. Dist. LEXIS 114984, at *12 (S.D.N.Y. Dec. 7, 2009) ("Baldy asserting that Plaintiff's injuries are the result of the City's policies does not show this Court what the policy is or how that policy subjected Plaintiff to suffer the denial of a constitutional right.")  Furthermore, plaintiff's citation to other lawsuits, including Raza v. City of New York, 13-CV-3448 (PKC) (JMA), does not state a claim under Monell.  In re CRM Holdings, Ltd., No. 10 Civ. 975 (RPP), 2012 U.S. Dist. LEXIS 66034, at *78 (S.D.N.Y. May 10, 2012) ("Plaintiffs' citation to 'unproven allegations' made in [other] complaints do not constitute factual allegations.")  Accordingly, plaintiffs' Monell claim should be dismissed for failure to state a claim.

 In the alternative, defendants respectfully request that the Court bifurcate discovery with respect to plaintiffs' municipal liability claim against the City of New York and stay any discovery related to such claims unless, and until, a date after which liability has been established against the individual defendants.  "It is well-established that a court may order separate trials in order to 1) avoid prejudice; 2) provide for convenience; or 3) expedite the proceedings and be economical."  Ricciuti v. New York City Transit Auth., 796 F. Supp. 84, 86 (2d Cir. 1999).  "It is also established that bifurcation requires the presence of only one of these conditions."  Id.  In this Circuit, "courts often order bifurcation in 1983 civil rights cases where there are *Monell* claims against the municipality."  Tabor v. New York City, No. 11-CV-195 (FB), 2012 U.S. Dist. LEXIS 29004, at *31 (E.D.N.Y. Feb. 23, 2012); see, e.g., Amato v. City of Saratoga Springs, 170 F.3d 311, 316 (2d Cir. 1999); Jones v. City of New York, No. 10-CV-5387, 2011 U.S. Dist. LEXIS 31561, at **2-3 (E.D.N.Y. Mar. 27, 2011); Williams v. City of New York, No. 07-CV-5362, 2008 U.S. Dist. LEXIS 104730, at *8 (E.D.N.Y. Dec, 29, 2008); Vives v. City of New York, No. 02 Civ. 6646 (JSM)(HBP), 2003 U.S. Dist. LEXIS 1833, at **2-3 (S.D.N.Y. Feb. 10, 2003); Busch v. City of New York, No. 00 CV 5211, 2002 U.S. Dist. LEXIS 18337, at **9-10 (E.D.N.Y. Sept. 9, 2002); Thrower v. Commissioner Rocco Pozzi, et. al., No. 99 Civ. 5871 (GBD), 2002 U.S. Dist. LEXIS 1035 at **18-19 (S.D.N.Y. Jan. 23, 2002); Duke v. County of Nassau, No. 97-CV-1495, 2000 U.S. Dist. LEXIS 22415, at **2-3 (E.D.N.Y. Oct. 26, 2000).  In Morales v. Irizarry, the court stated, "[t]he overwhelming weight of authority

holds that since the City's liability is derivative of the individual defendants' liability, and since the proof required to establish a Monell claim is substantially different from the proof necessary to establish individual liability, the most prudent course is to try the Monell claims separately and to stay discovery concerning those claims until the liability of the individual defendants is established." Morales v. Irizarry, 95 Civ. 5068, 1996 U.S. Dist. LEXIS 15613, at *3 (S.D.N.Y. Oct. 22, 1996).

Bifurcating plaintiffs' Monell claim in this action is proper for several reasons. First, prior to any possible finding that defendant City of New York is liable, there is an independent issue which must be resolved: whether the individually named defendant is liable for the alleged constitutional violations. Plaintiffs must first demonstrate that defendants acted impermissibly before any discussion about municipal liability becomes necessary. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) ("[I]f [an officer] inflicted no constitutional injury on [plaintiff], it is inconceivable that [the municipality] could be liable to [plaintiff]"). And, even if plaintiffs can establish that an underlying constitutional violation did occur, he must then show that the alleged constitutional deprivation was the result of a municipal policy or custom. City of Canton v. Harris, 489 U.S. 378 (1989); Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). A single incident alleged in the complaint is generally not enough to establish the existence of a custom or policy, particularly if the incident involves, as is the case here, an official below the policy-making level. Dwares v. City of New York, 985 F.2d 94, 101 (2d Cir. 1992).

Second, considerations of efficiency and convenience weigh strongly in favor of bifurcation before undertaking the far more burdensome and time-consuming task of litigating plaintiffs' Monell claims. Additionally, bifurcation will conserve resources until it is clear that it is necessary for the parties to expend significant resources litigating plaintiffs' Monell claim and the scope of permissible discovery. See Tabor, 2012 U.S. Dist. LEXIS 29004, at *34 (granting the City defendants' request to bifurcate Monell discovery unless, and until, plaintiff successfully opposed the defendants' summary judgment motion regarding the underlying incident).

In light of the foregoing, defendants request a pre-motion conference in advance of defendants' anticipated motion to dismiss plaintiffs' Monell claims or, in the alternative, to bifurcate plaintiffs' Monell claims and stay related discovery on those claims.

Thank you for your consideration herein.

                                  Respectfully submitted,

                                  /s/

                                Peter J. Fogarty
                                *Assistant Corporation Counsel*

- 4 -

cc: **<u>VIA ECF</u>**
Wylie Stecklow, Esq.
Stecklow & Thompson
*Attorneys for Plaintiff*
217 Centre Street, 6th Floor
New York, New York 10013